# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 13, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| KENDETRICK ELLIS, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 19-1762V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | * | |

Jonathan Joseph Svitak, Shannon Law Group, P.C., Woodbridge, IL, for Petitioner.
Lara A. Englund, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On November 15, 2019, Brittany Dock, on behalf of her then minor son, Kendetrick Ellis ("Petitioner"),[2] filed a petition for compensation under the National Vaccine Injury

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] After Petitioner reached the age of majority, the undersigned granted Petitioner's motion to change the named Petitioner.  Order dated Nov. 2, 2023 (ECF No. 80).  On November 7, 2023, Petitioner filed an amended Petition to reflect the change in the case caption.  Amended ("Am.") Petition (ECF No. 81).

1

Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[3] Petitioner alleged that he suffered "varicella-strain virus and related sequelae as well as vaccine-induced encephalopathy" as a result of a varicella vaccine administered on February 6, 2017. Petition at Preamble (ECF No. 1); Am. Petition at Preamble.  On July 10, 2023, the undersigned issued a ruling on entitlement based on Respondent's concession, and on November 8, 2023, the undersigned issued a damages decision based on proffer.  Respondent's Rept. ("Resp. Rept.") at 1 (ECF No. 21); Ruling on Entitlement dated Apr. 2, 2021 (ECF No. 30).; Decision Awarding Damages dated Nov. 8, 2023 (ECF No. 83).

On December 18, 2023, Petitioner filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorneys' Fees ("Pet. Mot."), filed Dec. 18, 2023 (ECF No. 88). Petitioner requests compensation in the amount of $48,480.30, representing $41,459.90 in attorneys' fees and $7,020.40 in costs.  Id. at 2.  Pursuant to General Order No. 9, Petitioner warrants that he has not personally incurred any costs in pursuit of his claim for compensation. Id. at 3; Statement Regarding General Order No. 9, filed Mar. 13, 2024 (ECF No. 91). Respondent filed his response on December 28, 2023, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Respondent's Response to Pet. Mot., filed Dec. 28, 2023, at 2 (ECF No. 89).  Petitioner did not file a reply. The matter is now ripe for disposition.

Petitioner requests the following hourly rates for the work of his counsel: for Mr. Jonathan Svitak, $255.00 per hour for work performed in 2019, $280.00 per hour for work performed in 2020, $310.00 per hour for work performed in 2021, $350.00 per hour for work performed in 2022, and $380.00 per hour for work performed in 2023.  Petitioner also requests rates between $163.00 and $186.00 per hour for work of his counsel's paralegals from 2020 to 2023.

The undersigned finds the rates are consistent with what counsel has previously been awarded for their Vaccine Program work, and finds them to be reasonable herein.  The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable and will award them in full.  Lastly, the undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation. Accordingly, the full amount of costs shall be awarded.

Therefore, the undersigned finds no cause to reduce the requested hours or rates, or the requested costs.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e). Based on the reasonableness of Petitioner's request, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs.

---

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018).  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $48,480.30, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Jonathan Svitak.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[4]

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.